United States District Court

For the Northern District of California

1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   ANDREW W., a minor residing in Menlo         No. C-10-0292 MMC
     Park, California, by and through his guardian
11   Timothy Walton,                              **ORDER GRANTING DEFENDANT'S**
                                                  **MOTION TO DISMISS SECOND CAUSE**
12              Plaintiff,                         **OF ACTION; GRANTING DEFENDANT'S**
                                                  **MOTION TO STRIKE; DISMISSING**
13        v.                                       **SECOND CAUSE OF ACTION WITHOUT**
                                                  **PREJUDICE; STRIKING THIRD**
14   MENLO PARK CITY SCHOOL DISTRICT, et           **THROUGH SIXTH CAUSES OF ACTION;**
     al.,                                          **STRIKING CLAIMS AGAINST OFFICE**
15                                                 **OF ADMINISTRATIVE HEARINGS**
                Defendants.
16   _____/

17

18        Before the Court are two motions, each filed May 24, 2010 by defendant Menlo Park

19   City School District ("MPCSD"):  (1) "Motion to Dismiss Second Cause of Action;" and

20   (2) "Motion to Strike New Causes of Action and New Defendant Added Without Leave of

21   Court."  Plaintiff Andrew W., through his guardian Timothy Walton, has filed opposition to

22   each motion, to which MPCSD has replied.  Having read and considered the papers filed in

23   support of and in opposition to the motions, the Court rules as follows.[1]

24                                    **BACKGROUND**

25        In his First Amended Complaint ("FAC"), plaintiff alleges he is a minor "eligible for

26   special education because of severe autism."  (See FAC ¶ 15.)  According to plaintiff, his

27   parents "filed for due process in October 2008, because of the unilateral change [by

28   _____

          [1]By a Clerk's Notice filed July 7, 2010, the matter was taken under submission.

1   MPCSD] that placed [plaintiff] at a different school than his siblings" (see FAC ¶ 25), and,

2   during the "due process hearing" conducted in January 2009, plaintiff's parents and

3   MPCSD reached a "formal settlement agreement" (see FAC ¶ 27).[2]  Plaintiff alleges

4   MPCSD subsequently failed "in multiple ways" to comply with the settlement agreement.

5   (See FAC ¶ 31.)

6        Plaintiff also alleges that in May 2009, his parents filed a second "due process

7   request," and that, following a September 2009 hearing before the Office of Administrative

8   Hearings ("OAH"),[3] OAH issued an "improper" decision that "rejected" plaintiff's claims.

9   (See FAC ¶ 32-35.)[4]  After OAH rendered its decision, MPCSD, according to plaintiff,

10  "unlawfully retaliated against [plaintiff] by ceasing to allow for safe transportation to and

11  from [plaintiff's] special day class."  (See FAC ¶ 37.)  Further, plaintiff alleges, he has

12  "suffered damages" as a result of MPCSD's placing him, on a date not specified in the

13  FAC, in a "special day class," which class plaintiff states has "an extremely limited

14  environment" and an "academic curriculum that is not specific to [the students'] grade level

15  or level of ability."  (See FAC ¶ 123.)

16       Based on the allegations set forth above, plaintiff asserts six causes of action.  In the

17  First Cause of Action, brought pursuant to the Individuals with Disabilities Education Act

18  ("IDEA") and against MPCSD and OAH, plaintiff seeks judicial review of the decision

19  rendered by OAH in September 2009.  See 20 U.S.C. § 1415(i)(2)(A) (providing party

20  "aggrieved by the findings and decisions made [at due process hearing] shall have the right

21  to bring a civil action with respect to the complaint presented").  In the Second Cause of

22  Action, a state law claim for breach of contract brought against MPCSD, plaintiff alleges

23  _____

24       [2]When parents of a disabled child submit a complaint regarding the child's education
     to the school, "the parents or the [school] involved in such complaint shall have an
25   opportunity for an impartial due process hearing."  See 20 U.S.C. § 1415(f).

26       [3]OAH is the "government agency hearing administrative disputes regarding special
     education in California."  (See FAC ¶ 8.)

27       [4]Although not clearly expressed in the FAC, the claims made at the due process
     hearing conducted in September 2009 appear to be different from the claims that were
28   settled in January 2009.

1   MPCSD breached the terms of the settlement agreement reached in January 2009.  In the

2   Third Cause of Action, brought pursuant to the Rehabilitation Act and against MPCSD,

3   plaintiff alleges MPCSD engaged in "retaliation" by "cancelling transportation services and

4   reasonable accommodations."  (See FAC ¶ 98.)  In the Fourth Cause of Action, brought

5   pursuant to 42 U.S.C. § 1983 and against MPCSD and OAH, plaintiff alleges he has been

6   deprived of "equal protection" and the "procedural requirements of the IDEA."  (See FAC ¶¶

7   106-07.)  In the Fifth Cause of Action, titled "Refusal to Admit Minor Resident to His

8   Neighborhood School" and brought against MPCSD and OAH, plaintiff challenges

9   MPCSD's decision to place him at a school different from the school his siblings attend.

10  (See FAC ¶¶ 112-13.)  In the Sixth Cause of Action, titled "Segregation by Improper

11  Academic Group of Students" and brought against MPCSD and OAH, plaintiff challenges

12  MPCSD's decision to assign him to the above-described "special day class."  (See FAC

13  ¶ 123.)[5]

14                                        **DISCUSSION**

15          By the instant motions, MPCSD seeks, respectively, an order dismissing the Second

16  Cause of Action, and an order striking the Third through Sixth Causes of Action and all

17  claims alleged against OAH.[6]

18  **A.  Motion to Dismiss**

19          By order filed April 15, 2010, the Court dismissed the Second Cause of Action, for

20  the reason that plaintiff had failed to allege his compliance with § 945.4 of the California

21  Government Code, which provides that "no suit for money or damages may be brought

22  against a public entity . . .  until a written claim therefor has been presented to the public

23  entity and has been acted upon by the board, or has been deemed to have been rejected

24  by the board."  See Cal. Gov't Code § 945.4.

25  _____

26          [5]Plaintiff's complaint does not state whether his Fifth and Sixth Causes of Action
    arise under state or federal law, nor does plaintiff allege the statute(s), if any, under which
27  he brings such causes of action.

28          [6]MPCSD does not seek dismissal of the First Cause of Action to the extent it is
    alleged against itself.

1    MPCSD argues the Second Cause of Action, as amended, remains subject to

2    dismissal for failure to allege compliance with § 945.4.  The Court agrees.

3        Although plaintiff now alleges he presented a "claim" to MPCSD on December 18,

4    2009 (see FAC ¶ 39), plaintiff fails to allege that such "claim" included an allegation that

5    MPCSD engaged in the multiple breaches set forth in the FAC, or any of them.  Further,

6    even assuming the FAC could be interpreted as alleging that each claim made in the

7    Second Cause of Action was included in the "claim" allegedly presented to MPCSD on

8    December 18, 2009, plaintiff fails to allege that said "claim" has been denied or has been

9    deemed to have been denied by MPCSD.

10       Accordingly, the Second Cause of Action is subject to dismissal.

11   **B.  Motion to Strike**

12       By order filed April 20, 2010, the Court approved the parties' stipulation, which

13   provided that "[p]laintiff will file an amended complaint addressing the issues raised in

14   [MPCSD's] Motion to Dismiss [the initial complaint]."  (See Stipulation and Order, filed April

15   20, 2010.)  Thereafter, plaintiff filed his FAC, which, in addition to amending the Second

16   Cause of Action, added four new claims, specifically, the Third through Sixth Causes of

17   Action, and added a new defendant, specifically, OAH.

18       MPCSD moves to strike the new claims and new defendant on the ground that the

19   Order of April 20, 2010 did not give plaintiff leave to add new claims or a new defendant.

20   The Court again agrees.  The Order of April 20, 2010 only allowed plaintiff to amend the

21   Second Cause of Action, as the adequacy of the Second Cause of Action was the sole

22   issue raised in the motion to dismiss the initial complaint.

23       In his opposition to the motion to strike, plaintiff argues that, in the interests of

24   judicial economy, the Court should grant him leave to amend at this time.  The Court

25   construes plaintiff's opposition as a belated request for leave to amend to add the Third

26   through Sixth Causes of Action and to add OAH as a defendant.  In its reply, MPCSD

27   argues leave to amend would not be proper because plaintiff's new claims would be

28   subject to dismissal.  As MPCSD has had an opportunity to address plaintiff's request for

4

1   leave to amend, the Court, in the interests of judicial economy, will address herein the issue

2   of whether such leave should be granted.

3       Leave to amend to add new claims is properly denied where the proposed claims

4   would be subject to dismissal.  See Moore v. Kayport Packaging Express, Inc., 885 F.2d

5   531, 542 (9th Cir. 1989).  As discussed below, each of plaintiff's new claims is subject to

6   dismissal, and, accordingly, leave to amend to add the new claims will not be granted.

7       First, to the extent plaintiff seeks to add OAH as an additional defendant to the First

8   Cause of Action, the First Cause of Action is subject to dismissal.  Plaintiff fails to cite any

9   authority providing that, where, as here, a party seeks, under the IDEA, judicial review of a

10  decision of an administrative law judge ("ALJ"), the state agency that employs the ALJ is a

11  proper party to such cause of action.  Indeed, to the extent courts have considered such a

12  claim, they have rejected it.  See, e.g., B.J.S. v. State Education Dep't, 2010 WL 1172598,

13  *10 (W.D.N.Y. 2010) (holding state agency and its officer who ruled on claims in

14  administrative complaint filed against school district not proper parties to action seeking

15  judicial review of such agency's decision; stating, "[n]othing in the [IDEA] either directly or

16  implicitly suggests that by their compliance with the [IDEA's] requirement to provide

17  impartial review of an administrative complaint attacking an [individual education plan], [the

18  reviewing officer and state agency that employs him] thereby become parties to the

19  underlying dispute") (citing cases).

20      Next, the Third Cause of Action, by which plaintiff seeks to allege a claim against

21  MPCSD under the Rehabilitation Act, is subject to dismissal.  The Third Cause of Action is

22  based on the allegation that, after the ALJ ruled against plaintiff in September 2009,

23  MPCSD "cancell[ed] transportation services and reasonable accommodations" (see FAC

24  ¶ 98); consequently, plaintiff must exhaust the administrative remedies available under the

25  IDEA before he can bring such a claim in district court.  See Payne v. Peninsula Sch. Dist.,

26  598 F.3d 1123, 1127 (9th Cir. 2010) (holding, where plaintiff seeks relief under statute other

27  than IDEA, exhaustion of administrative remedies available under IDEA required where

28  plaintiff seeks relief for "injuries that could be redressed to any degree by the

5

1   IDEA's administrative procedures") (internal quotation and citation omitted); 20 U.S.C. §

2   1400(d)(1)(A) (providing "all children with disabilities have available to them a free

3   appropriate public education"); 20 U.S.C. §§ 1401(9), (26) (defining, for purposes of IDEA,

4   "free appropriate public education" to include "related services," such as "transportation . . .

5   as may be required to assist a child with a disability to benefit from special education").

6   Plaintiff does not allege he has exhausted his administrative remedies with respect to such

7   claim.  Accordingly, the Court lacks jurisdiction over the Third Cause of Action.  See

8   Payne, 598 F.3d at 1124-25 (affirming dismissal for lack of subject matter jurisdiction

9   where plaintiff required to, but did not, exhaust administrative remedies available under

10  IDEA).

11          The Fourth Cause of Action, by which plaintiff seeks to allege that MPCSD and OAH

12  violated 42 U.S.C. § 1983, likewise is subject to dismissal.  A claim under § 1983 may not

13  be based on the theory that the plaintiff was deprived of rights under the IDEA.  See

14  Blanchard v. Morton Sch. Dist., 509 F.3d 934, 938 (9th Cir. 2007) (holding Congress

15  "inten[ded] to preclude a § 1983 claim for the violation of rights under the IDEA").  Further,

16  to the extent plaintiff bases his § 1983 claim on a theory that he was deprived of equal

17  protection, plaintiff fails to allege any facts to support a finding such deprivation occurred;

18  plaintiff's conclusory assertion that "[d]efendants violated [plaintiff's] right to the equal

19  protection of laws" (see FAC ¶ 106), is insufficient.  See Bell Atlantic Corp. v. Twombly, 550

20  U.S. 544, 555 (2007) (holding "a plaintiff's obligation to provide the grounds of his

21  entitlement to relief requires more than labels and conclusions") (internal quotation, citation,

22  and alteration omitted).  Moreover, irrespective of plaintiff's theory or theories of liability,

23  OAH, a state agency, is not a proper defendant to any § 1983 claim.  See Will v. Michigan,

24  491 U.S. 58, 70-71 (1988) (holding claim under § 1983 cannot be brought against state

25  agency).

26          Lastly, both the Fifth Cause of Action, by which plaintiff seeks to challenge the

27  school assignment made by MPCSD, and the Sixth Cause of Action, by which plaintiff

28  seeks to challenge MPCSD's decision to place him in a particular class, are subject to

6

1   dismissal.  Specifically, plaintiff fails to allege he exhausted his administrative remedies

2   with respect to either claim, and, consequently, the Court lacks jurisdiction to consider such

3   claims.  See Payne, 598 F.3d at 1124-25, 1127.[7]

4                                        **CONCLUSION**

5           For the reasons stated above:

6           1.  MPCSD's Motion to Dismiss Second Cause of Action is hereby GRANTED, and

7   the Second Cause of Action is hereby DISMISSED without prejudice; and

8           2.  MPCSD's Motion to Strike New Causes of Action and New Defendant Added

9   Without Leave of Court is hereby GRANTED; the Third through Sixth Causes of Action are

10  hereby STRICKEN, and plaintiff's claims against the Office of Administrative Hearings are

11  hereby STRICKEN.

12          **IT IS SO ORDERED.**

13

14  Dated:  July 29, 2010

15                                                          MAXINE M. CHESNEY
                                                            United States District Judge

16

17

18

19

20

21

22

23

24          [7]The Fifth Cause of Action is based on a claim plaintiff alleges he settled in January
25  2009.  (See FAC ¶¶ 25-27, 112-13.)  Because plaintiff does not allege there exists any
    basis to set aside the settlement agreement, and, indeed, seeks to enforce such
26  agreement in his Second Cause of Action, the Fifth Cause of Action is subject to dismissal
    for this additional reason.  See MWS Wire Industries, Inc. v. California Fine Wire Co., 797
27  F.2d 799, 802 (9th Cir. 1986) (applying California law; holding, in absence of "showing of
    fraud or undue influence," settlement is "decisive of the rights of the parties thereto and
28  operates as a bar to the reopening of the original controversy") (internal quotation and
    citation omitted).